IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE LEWIS WILLIAMS,          )<br>                                                            )<br>             Plaintiff,                           )<br>                                                            )<br>   v.                                                    )<br>                                                            )<br>WARDEN WILLIAM DUNCAN, et al., )<br>                                                            )<br>             Defendants.                      )<br>_____ ) | No. C 05-3342 SBA (PR)<br><br>**ORDER OF SERVICE AND DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND** |

## BACKGROUND

Plaintiff Shadale Lewis Williams, a state prisoner currently incarcerated at Kern Valley State Prison (KVSP)[1] and a frequent litigant in federal court, filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the complaint to determine whether Defendants are required to respond.

## DISCUSSION

**I.     Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it

---

[1] Venue is proper in this district as the acts complained of occurred while Plaintiff was an inmate at Salinas Valley State Prison (SVSP), which is located in this district. 28 U.S.C. § 1371(b).

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II.   Legal Claims

According to the allegations in the complaint, while Plaintiff was an inmate at SVSP, the named Defendants violated his constitutional rights. Plaintiff sets forth multiple claims for relief. He alleges that he has exhausted these claims through the prison's grievance system.

Plaintiff seeks injunctive relief and monetary damages. Plaintiff was housed at SVSP when he filed his claims for injunctive relief; however, he has since been transferred to KVSP. Because Plaintiff no longer is incarcerated at SVSP, all claims for injunctive relief are DISMISSED as moot and only claims for monetary relief remain pending. See, e.g., Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (request for injunctive relief generally rendered moot when inmate is released from prison or transferred to another prison).

### A.   Excessive Force

In his first claim for relief, Plaintiff alleges that prison officials used excessive force when transferring him to another prison facility on February 24, 2005.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 824, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

2

Here, Plaintiff alleges that on February 24, 2005, Defendant T.M. Selby ordered Defendant K. Pham to open Plaintiff's cell door to facilitate an "extraction by force". (Compl. at 3(c).) Defendant Pham complied with this order after refusing to open Plaintiff's cell door twice. (Id.) Whereupon, Defendants Selby, C.J. Searby and D.R. Smith "rushed into" Plaintiff's cell and "knocked [him] against the bed, lifting [him] off the ground [and] slammed [him] to the concrete floor, handcuffed [him] and [drove him] out of the cell as [he] squeaked with pain." (Id.) After being removed from his cell, Plaintiff was escorted on a outside roadway to the new prison facility. At this time, Plaintiff refused to continue walking to the new facility and went to the ground. (Id. at 3(d).) In response, Defendants Selby and Smith "using their side-handled baton . . . beat [Plaintiff] about the body . . . picking [Plaintiff] up [and] body slamming [him] face down into the gravel road." (Id.) Both Defendants Selby and Smith put their weight on Plaintiff's grounded body as a baton was placed at the base of Plaintiff's neck. (Id.) After being restrained, Plaintiff was subsequently carried to a holding cage. (Id.)

Liberally construed, Plaintiff's allegations concerning the events of February 24, 2005 state a cognizable claim for the use of excessive force against Defendants Selby, Searby and Smith. On the other hand, Plaintiff only alleges that Defendant Pham opened his cell door prior to the alleged excessive force. Thus, Plaintiff pleads no facts alleging that Defendant Pham applied force "maliciously and sadistically" for the very purpose of causing him harm. See Robins v. Meecham, 60 F.3d 1436, 1441 (9th Cir. 1995). Therefore, Plaintiff states an ambiguous and conclusory excessive force claim against Defendant Pham. Accordingly, the claim is DISMISSED with leave to amend as directed below.

### B. Medical Indifference

Plaintiff's alleges a claim for deliberate indifference to his serious medical needs following his February 24, 2005 transfer against Defendants LVN A. Cauntay, R. Binkele, Selby, Pham, Searby and Smith. (Compl. at 3(j)-(k).)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

A prison official is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). But medical negligence, or even gross negligence, is not enough to state a constitutional claim under 42 U.S.C. § 1983. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (negligence or harassment related to medical problems not enough to state violation of Eighth Amendment).

After the February 24, 2005 incident, Plaintiff was left in a holding cell for approximately one hour and fifteen minutes without receiving medical attention for his injuries. (Compl. at 3(e).) By the time he was transported from the holding cell, he was "noticibly bleeding, swollen, and the right side of [his] face was covered in dirt, gravel, glass." (Compl. at 3(g).) At this time, Defendant Cauntay, who he claims is a prison "medical examiner", spoke with Plaintiff about how he acquired his injuries. (Id.) After this conversation, Defendant Cauntay informed Plaintiff that she had been instructed not to treat his injuries by Defendant Binkele. (Id.)

Plaintiff alleges that Defendants Selby, Pham, Searby and Smith are liable for their "denial of medical attention to treat [his] ensuing injuries". (Id. at 3(f).) He also argues that he was denied medical treatment by Defendants Cauntay and Binkele. (Id. at 3(j)-(k).) Plaintiff has adequately pled cognizable claims against Defendants Selby, Searby, Smith, Cauntay and Binkele for deliberate indifference to his medical needs. However, while Plaintiff names Defendant Pham under his deliberate indifference claim, Plaintiff fails to allege that Defendant Pham knew of his substantial risk of serious harm from injuries following the February 24, 2005 incident. See Farmer, 511 U.S. at 837. Therefore, Plaintiff states an ambiguous and conclusory deliberate indifference claim against Defendant Pham. Accordingly, the claim is DISMISSED with leave to amend as directed below.

**C.   Retaliation**

Plaintiff claims that following the February 24, 2005 incident he was housed in administrative segregation and denied his "legal property" in retaliation for reporting staff misconduct. (Compl. at 3(k).) Specifically, Plaintiff alleges that Defendants Cauntay, Binkele, W.

4

1  Showalter, R. Dubsky, R. Parin, J. Allison and J.D. Bennett are personally liable for retaliating
2  against him for reporting the "assault and injury" he suffered on February 24, 2005. (Id.)

3        Retaliation by a state actor for the exercise of a constitutional right is actionable under 42
4  U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt.
5  Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not
6  expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill
7  individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). A
8  claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors for the exercise
9  of his First Amendment rights. See Mt. Healthy, 429 U.S. at 283-84.

10        In this case, Plaintiff alleges that Defendants Cauntay and Binkele withheld medical attention
11  from him in retaliation for voicing the "corporal abuse" he suffered on February 24, 2005. (Compl.
12  at 3(j)-(k).) Likewise, Plaintiff contends that Defendants Binkele and Allison retaliated against him
13  for voicing his complaints by keeping him housed in administrative segregation for 197 days
14  pending the outcome of his staff misconduct allegations. (Id. at 3(i)-(k).) Plaintiff also argues that
15  Defendant Parin told him that he should not have made allegations against the prison staff and that
16  the allegations were the reason Plaintiff was being housed in administrative segregation. (Id. at
17  3(i).) Plaintiff asserts that if he compromised his right to voice constitutional redress against the
18  staff he would have been released from administrative segregation. (Id. at 3(k).) Liberally
19  construed, the Court finds that Plaintiff's retaliation allegations present a cognizable due process
20  claim against Defendants Cauntay, Binkele, Allison and Parin.

22        Plaintiff's allegations fail to state a retaliation claim against Defendants Showalter, Dubsky
23  and Bennett. Plaintiff fails to allege how Defendants Dubsky and Bennett are liable. Also, Plaintiff
24  only mentions that, after the February 24, 2005 incident, Defendant Showalter "approached [his] cell
25  and informed [him to] make a formal 'denial' on video." (Id. at 3(h).) Therefore, the Court finds that
26  Plaintiff's retaliation claims against Defendants Showalter, Dubsky and Bennett are conclusory and
27  ambiguous. Accordingly, Plaintiff's retaliation claims against Defendants Showalter, Dubsky and
28  Bennett are DISMISSED with leave to amend as directed below.

5

**D.     Due Process Claim**

Finally, Plaintiff alleges that he was denied his "disciplinary due process right of making a statement, preparing a defense, attending any hearing and receiving any notice of findings and dispositions" prior to being held in administrative segregation.  (Id. at 3(k).)

Interests that are procedurally protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  In the prison context, these interests are generally ones pertaining to liberty.  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  A state may not impose such changes without complying with minimum requirements of procedural due process.  See id.

The Court finds that Plaintiff has stated a cognizable due process claim because he alleges he was not afforded certain protections prior to being housed in administrative segregation.  Because the exact nature of Plaintiff's placement in administrative segregation is unclear, the Court will order service of this claim so that Defendants Allison, Parin, Binkele, Showalter and Dubsky may address Plaintiff's due process claim.

**E.     Supervisory Liability**

Plaintiff names former SVSP Warden William Duncan in his complaint, whom he apparently sues in his supervisory capacity.  Plaintiff does not allege facts demonstrating that Defendant Duncan violated his federal rights, but seems to claim he is liable based on the conduct of his subordinates.  There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Id.  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th

Cir. 1991) (en banc).

Plaintiff's claim against Defendant Duncan is therefore dismissed with leave to amend. He may file an amendment to the complaint that alleges supervisory liability of Defendant Duncan under the standards explained above.

## **CONCLUSION**

1.  All claims for injunctive relief are DISMISSED as moot.

2.  The Court finds that Plaintiff has stated COGNIZABLE claims against Defendants Selby, Searby and Smith for the use of excessive force.

3.  The Court finds that Plaintiff has stated COGNIZABLE claims against Defendants Selby, Searby, Smith, Cauntay and Binkele for deliberate indifference to Plaintiff's medical needs.

4.  The Court finds that Plaintiff has stated COGNIZABLE retaliation claims against Defendants Cauntay, Binkele, Allison and Parin.

5.  Because the exact nature of Plaintiff's placement in administrative segregation following the February 24, 2005 incident is unclear, the Court will order service so that the following named Defendants may address Plaintiff's due process claim: Defendants Allison, Parin, Binkele, Showalter and Dubsky.

6.  Plaintiff's excessive force and deliberate indifference claims against Defendant Pham; his retaliation claims against Defendants Showalter, Dubsky and Bennett; as well as his supervisory liability claim against Defendant Duncan are DISMISSED with leave to amend. The roles of these defendants in the alleged constitutional violations are not clear. In his amendment to his complaint, Plaintiff must link the aforementioned defendants to his claims by explaining what each defendant did that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Within **thirty (30) days** of the date of this Order, Plaintiff may file an amendment to the complaint including amended claims linking Defendants Pham, Showalter, Dubsky, Bennett and Duncan. Plaintiff shall resubmit only those claims and not the entire complaint. He must clearly label the document an "Amendment

to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of the specifically mentioned claims above against Defendants Pham, Showalter, Dubsky, Bennett and Duncan without prejudice.

7. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint as well as copies of all attachments thereto (docket no. 1) and (2) a copy of this Order upon the following prison officials at SVSP: **Chief Deputy Warden J. Allison; Correctional Captain R. Parin; Correctional Captain R. Binkele; Correctional Lieutenant W. Showalter; Correctional Lieutenant R. Dubsky; Correctional Sergeant T.M. Selby; Correctional Officer C.J. Searby; Correctional Officer D.R. Smith; LVN A. Cauntay.** The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the Attorney General of the State of California. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

8. The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

8

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

9

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **June 13, 2008** and all discovery responses must be served on or by **June 30, 2008**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

  10. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  12. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the

1  motion for an extension of time is issued.  Any motion for an extension of time must be filed no later
2  than **fifteen (15) days** prior to the deadline sought to be extended.
3      IT IS SO ORDERED.
4  DATED: 4/21/08

                                                   SAUNDRA BROWN ARMSTRONG
                                                   United States District Judge

**United States District Court**
For the Northern District of California

1 UNITED STATES DISTRICT COURT
2 FOR THE
3 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS, | Case Number: CV05-03342 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DUNCAN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shadale Lewis Williams E-11488
Kern Valley State Prison
P.O. Box 5103
2737 West Cecil Avenue
Delano, CA 93960-5103

Dated: April 23, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Williams3342.service.frm          12