`IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE LEWIS WILLIAMS,<br><br>      Plaintiff,<br>v.<br><br>WARDEN WILLIAM DUNCAN, et al.,<br><br>      Defendants. | No. C 05-3342 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>(Docket no. 32) |

Plaintiff Shadale Lewis Williams, a state prisoner currently incarcerated at Kern Valley State Prison, filed this pro se civil rights complaint against several prison officials at the Salinas Valley State Prison (SVSP). Venue is proper in this district as the acts complained of occurred while Plaintiff was an inmate at SVSP, which is located in this district. 28 U.S.C. § 1371(b).

In an Order dated April 21, 2008, the Court found the following four cognizable claims: (1) Defendants used excessive force when transferring Plaintiff to another prison facility on February 25, 2005; (2) Plaintiff's serious medical needs were deliberately ignored by Defendants; (3) Plaintiff was retaliated against for reporting staff misconduct; and (4) Plaintiff was denied due process prior to being held in administrative segregation. The named Defendants are Chief Deputy Warden J. Allison, Captain R. Parin, Captain R. Binkele, Corr. Sergeant T.M. Selby, Officer C.J. Searby, Officer D.R. Smith, and LVN A. Cauntay. Defendants Warden William Duncan, Corr. Lieutenant W. Showalter, Corr. Lieutenant R. Dubsky, Corr. Lieutenant J.D. Bennet, and Officer Kien Pham were terminated from this action.

Before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has filed an opposition, and Defendants have filed a reply. For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

**BACKGROUND**

Plaintiff alleges that while he was an inmate at SVSP, Defendants violated his constitutional rights. Plaintiff claims that on February 24, 2005, Defendants used excessive force when

transferring him to another prison facility. (Compl. at 3(c).) Plaintiff alleges that he suffered serious medical injuries, which Defendants deliberately ignored. (Id. at 3(j)-(k).) The record shows that on February 24, 2005, Plaintiff filed a staff misconduct complaint based on Defendants' use of excessive force. (Id. at 3(h)-(i).) Plaintiff alleges that he was housed in administrative segregation and denied his "legal property" in retaliation for reporting staff misconduct. (Id. at 3(i)-(k).) Finally, Plaintiff alleges that before he was placed in administrative segregation he was denied his "disciplinary due process right of making a statement, preparing a defense, attending any hearing and receiving any notice of findings and dispositions." (Id. at 3(k).)

On June 13, 2005, Plaintiff filed a 602 inmate appeal, appeal number 05-02295, with SVSP prison officials. (Compl. Ex. G.) In his appeal, Plaintiff requested release from administrative segregation, an explanation why he was placed in segregation, and information about the investigation into his staff misconduct complaint. (Id.) Prison officials bypassed the informal level of review. (Id.) On July 15, 2005, Plaintiff's appeal was granted at the first level of review, and he was transferred from administrative segregation to Facility A. (Id.) Plaintiff did not submit his appeal for further review to the second and third levels. (Compl. Ex. G, Grannis Decl. Ex. A.)

Defendants argue in their motion to dismiss that the Court cannot proceed to decide the merits of Plaintiff's claims, because he has not exhausted all available administrative remedies. In his opposition, Plaintiff concedes that he did not exhaust his claim of deliberate indifference to serious medical needs. (Opp'n at 6.) Plaintiff argues that his excessive force claim was exhausted when he filed a staff misconduct complaint or after appeal number 05-02295 was granted. (Id. at 5-6.) Plaintiff also contends that his retaliation and due process claims were exhausted when that appeal was granted. (Id. at 7-8.)

Plaintiff's claims are serious in nature, especially those pertaining to the use of excessive force and deliberate indifference to his medical needs. In such circumstances it is particularly appropriate that Defendants be granted the first opportunity to develop a factual record and respond to the allegations. The Court now considers whether Defendants' evidence is adequate to establish that Plaintiff failed to exhaust administrative remedies with respect to the present claims.

2

**DISCUSSION**

**I.      Legal Standard**

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite for all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted); Jones v. Bock, 127 S. Ct. 910, 922-23 (2007) (compliance with prison grievance procedures is required by the PLRA to properly exhaust). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones, 127 S. Ct. at 923.

Under the PLRA, a prisoner's participation in an internal affairs investigation of staff misconduct does not satisfy the exhaustion requirement. Panero v. City of N. Las Vegas, 432 F.3d 949, 950 (9th Cir. 2005). Although an internal investigation may result in adverse action against

3

prison officials, it does not provide a remedy for the prisoner. Id. at 953.  Therefore, the only method for a prisoner to seek a potential remedy is through an agency's administrative grievance procedures. Id.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal:  (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

## II. Analysis

In the present case, Defendants correctly raise non-exhaustion in an unenumerated motion to dismiss.  Defendants argue Plaintiff did not properly exhaust his administrative remedies prior to the filing of his complaint as mandated by § 1997e(a).

In response, Plaintiff makes two counter-arguments.  First, in regards to his excessive force claim, he argues that he is excused from the PLRA exhaustion requirement, because he filed a staff misconduct complaint.  As mentioned above, the PLRA exhaustion requirement is not satisfied by

4

Plaintiff's participation in an internal affairs investigation of staff misconduct. See Panero, 432 F.3d at 950. The only method for Plaintiff to seek a potential remedy is through the administrative grievance procedure. Id. at 953. Therefore, Plaintiff's staff misconduct complaint does not constitute proper administrative exhaustion.

Second, Plaintiff argues appeal number 05-02295 exhausted his administrative remedies for his excessive force, retaliation, and due process claims. In his opposition, Plaintiff argues that he was "not obligated to pursue [appeal number 05-02295] through the third level in order to exhaust administrative remedies," because it was granted at the first level. (Opp'n at 8.) In his appeal, Plaintiff contends that he was placed in administrative segregation as an "indefinite punitive measure" and as a retaliatory measure. (Compl. Ex. G.) Therefore, the Court finds that he has sufficiently included his retaliation and due process claims in his appeal. Because Plaintiff references in his appeal an investigation into his claim of staff misconduct, the Court could construe his appeal to include his excessive force claim. Assuming for the sake of argument, Plaintiff's appeal included all three claims, the Court finds that Plaintiff had not complied with the PLRA exhaustion requirement, because he did not submit his appeal to the Director's level of review.[1] See Barry, 985 F.Supp. at 1237-38.

Plaintiff's argument that he is not obligated to exhaust his appeal through the Director's level of review is without merit, because his obligation to exhaust persisted as long as some administrative remedy remained available to him. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Prisoners are required to exhaust all claims about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 524. Exhaustion is required, even when the prisoner seeks relief not available in

---

[1] The record shows that Plaintiff has experience exhausting appeals through the Director's level. Since 1993, Plaintiff has pursued eight appeals through the Director's level. (Grannis Decl. Ex. A). Between February 24, 2005, when Plaintiff's transfer occurred, and August 17, 2005, when Plaintiff filed his complaint with this Court, Plaintiff exhausted appeal number 04-04045 through the Director's level. (Grannis Decl. at 2.) This appeal was related to a separate request by Plaintiff to allow him access to the Sensitive Needs Yard. (Id.)

grievance proceedings. Id.; Booth, 532 U.S. at 741. In appeal number 05-02295, Plaintiff requested an explanation for why he was placed in administrative segregation. (Compl. Ex. G; Reply at 5.) Plaintiff also sought information about the staff misconduct investigation. (Compl. Ex. G.) However, Plaintiff abandoned his appeal after it was granted at the first level. (Id.) Until Plaintiff received any explanation about his placement in segregation or information about the investigation, he still had relief available to him through the appeals process. Plaintiff failed to exhaust his administrative remedies for his appeal; therefore, his excessive force, retaliation and due process claims are DISMISSED as unexhausted. Thus, the Court GRANTS Defendants' motion to dismiss as to these claims.

As to the remaining claim of deliberate indifference to serious medical needs, Plaintiff concedes that he did not include this claim in appeal number 05-02295. (Opp'n at 6.) A complaint may be dismissed by the Court for failure to exhaust, if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt, 315 F.3d at 1120. Plaintiff concedes that he did not exhaust this claim; therefore, it is DISMISSED as unexhausted. Thus, the Court GRANTS Defendants' motion to dismiss as to this claim.

Accordingly, because it is clear from the motion to dismiss and Plaintiff's opposition thereto that he did not exhaust his administrative remedies as to all his claims in his complaint and no exception to exhaustion applies, this action is dismissed without prejudice and without leave to amend.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (docket no. 32) is GRANTED, and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

6

1  This Order terminates Docket no. 32.

2  IT IS SO ORDERED.

3
4  DATED: _____9/3/08_____    *Saundra B Armstrong*
                                            SAUNDRA BROWN ARMSTRONG
5                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS,<br><br>      Plaintiff,<br><br>  v.<br><br>DUNCAN et al,<br><br>      Defendant.<br>                                            / | Case Number: CV05-03342 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shadale Lewis Williams
Mule Creek State Prison
E-11488
PO Box 409099
Facility - A
Ione, CA 95640

P:\PRO-SE\SBA\CR.05\Williams3342.MTD.frm        8

Dated: September 4, 2008

                                       Richard W. Wieking, Clerk
                                       By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California